IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ROBERT STEVEN BELL,**                  :        **CIVIL NO. 1:CV-05-0533**
                                          :
              **Plaintiff**               :
                                          :
         **v.**                           :
                                          :
**LT. GOV. CATHERINE B. KNOLL;**          :
**JEFFREY A. BEARD, Ph.D.;**              :
**DONALD VAUGHN;**                        :
**JAMES L. GRACE; KEN KYLER;**            :
**SCOTT WILLIAMSON; and**                 :
**WILLIAM S. WALTERS,**                   :
                                          :
              **Defendants**              :

## MEMORANDUM AND ORDER

The background of this order is as follows:

On March 16, 2005, a complaint was filed by Plaintiff and referred to the magistrate judge for consideration. On May 16, 2005, the magistrate judge filed a report recommending the complaint be dismissed pursuant to the three strikes rule in 28 U.S.C. § 1915(g) and for Plaintiff's failure to show he was in imminent danger of bodily harm at the time of the filing of the complaint. *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3d Cir. 2001) (*en banc*).

Plaintiff has since filed objections to the report and recommendation, a request to file more extensive objections, a declaration in support of the request for extension of time – all of which were denied. The court adopted the report and recommendation and dismissed the case by order dated June 16, 2005. On June 30, 2005, Plaintiff filed a motion for reconsideration of this court's June 16, 2005 order.

For the first time in the captioned case, Plaintiff may have set forth claims that support a showing of imminent danger of bodily harm. The court is inclined to grant Plaintiff an opportunity to amend his complaint. In allowing the amendment, the court directs Plaintiff that he must cure other defects.

In the original complaint, Plaintiff alleges events that occurred in the 1980's. Plaintiff must allege events that violated is civil rights within the statute of limitations.

Plaintiff also does not allege how each defendant violated his civil rights. He must allege personal involvement is suing a defendant personally.

Plaintiff brings claims for alleged violations of other people's rights. He can only bring claims for violations of his own civil rights.

Lastly, Plaintiff must set forth what acts have been committed by Defendants at the time of the filing of his complaint that pose an imminent danger of physical harm. Petitioner is precluded from arguing lack of paper as a failure to comply with this order.

**IT IS THEREFORE ORDERED THAT:**

1) Plaintiff's motion for reconsideration is granted.

2) Document 18, entitled "Plaintiff's Motion To Alter and/or Amend . . ." is deemed to be a brief in support of his motion for reconsideration.

3) The order of June 16, 2005 is rescinded.

4) The Clerk of Court shall reopen the file.

5) No later than July 26, 2005, Plaintiff shall file an amended complaint in compliance with the memorandum and order above. The amended complaint shall be complete in all respects. It shall be a new pleading which stands by itself as an

adequate complaint without reference to the complaint already filed. *Soto v. Jeffes*, M.D. Pa. Civil No. 76-1155 (Memorandum and Order, Nealon, C.J., March 9, 1977), at 3. The amended complaint shall also be "simple, concise, and direct" as required by the Rules of Civil Procedure. Fed. R. Civ. P. 8(e)(1).

 6) Failure to comply with this memorandum and order will result in dismissal of this action.

 7) This matter is remanded to Magistrate Judge Mannion.

 s/Sylvia H. Rambo
 SYLVIA H. RAMBO
 United States District Judge

Dated:  July 8, 2005.

3