IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


**ROBERT STEVEN BELL,**                         :     CIVIL NO. 1:CV-05-0533
:
   **Plaintiff**                 :
:
  **v.**                              :
:
**LT. GOV. CATHERINE B. KNOLL;**                :
**JEFFREY A. BEARD, Ph.D.;**                    :
**DONALD VAUGHN;**                              :
**JAMES L. GRACE; KEN KYLER;**                  :
**SCOTT WILLIAMSON; and**                       :
**WILLIAM S. WALTERS,**                         :
:
   **Defendants**                :


## MEMORANDUM AND ORDER

  Before the court is Plaintiff's second motion to alter or amend this court's order of December 19, 2005, dismissing the captioned action. The chronology of events leading up to this motion follows.

  On May 15, 2005, the magistrate judge recommended that the captioned action be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff had, on three or more occasions, brought an action in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted. This recommendation considered Plaintiff's lack of credible allegations of "imminent danger" pursuant to *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*). (Doc. No. 12.) The undersigned judge adopted the recommendation and dismissed the case on June 16, 2005. (Doc. No. 16.) On July 8, 2005, the undersigned judge granted Plaintiff's motion for

reconsideration, rescinded the order of June 16, 2005 and, in light of the obvious difficulty in making any sense out of Plaintiff's allegations, directed that Plaintiff file no later than July 26, 2005, an amended complaint that complied with specific requirements set forth in that order. That order noted that failure to comply with the order would result in dismissal of the action.

On August 1, 2005, because no amended complaint had been filed by July 26, 2005, the magistrate judge recommended that the matter be dismissed for failure to comply with the court's order of July 8, 2005. (Doc. No. 24.) After the recommendation was filed, the clerk of court received a motion from Plaintiff dated July 25, 2005 requesting an extension of time to file the amended complaint. (Doc. No. 25.) In light of the apparent crossing in the mail of Plaintiff's request for an extension of time and the magistrate judge's report and recommendation, the undersigned judge deferred consideration of the recommendation to allow the magistrate judge to consider Plaintiff's request for an extension of time to file the required amended complaint. (Doc. No. 26.)

By order dated August 11, 2005, the magistrate judge granted Plaintiff's request for an extension of time to file the amended complaint until September 9, 2005. It was specifically noted that no further extensions would be granted and failure to comply with the undersigned judge's directives concerning the contents of the amended complaint would result in a recommendation that the matter be dismissed. (Doc. No. 27.)[1]

---

[1] When Plaintiff attempted to appeal this matter to the Third Circuit Court of Appeals, requesting *in forma pauperis* status, the circuit court denied his request, replying on *Abdul-Akbar*, *id.* It noted that "appellant readily admits the "three-strikes" rule applies to him . . . . [and] appellant has not make a sufficient showing of [imminent] danger." (Doc. No. 33.)

As of November 29, 2005, over two and one-half months after his extended September 9, 2005 deadline, Plaintiff failed to file the amended complaint as ordered by the undersigned judge on July 8, 2005 and by the magistrate judge on August 11, 2005.  The magistrate judge then issued a report recommending that the action be dismissed.  On December 15, 2005, Plaintiff filed a motion for an extension of time to file objections to the magistrate judges report and recommendation.  (Doc. No. 36.)  By order dated December 19, 2005, the undersigned judge adopted the report and recommendation of the magistrate judge and denied Plaintiff's motion for extension of time.  (Doc. 37.)

In Plaintiff's motion to amend the judgment, he avers that a 60-page amended complaint was filed on September 7, 2005 by placing the same in the hands of the prison authorities for mailing.  In support of this, he attached as an exhibit form DC138A – a cash slip for postage from his account for mailing same.  Plaintiff also submits as part of his exhibits his inmate account statement.  He has circled postage charges of $0.37, $1.06 and $1.06, all dated September 15, 2005.  He claims this is proof that the complaint was mailed.

A review of the docket entries in this case shows the following: Document 28, filed September 13, 2005, entitled "Motion for Injunctive Relief," 14 pages long, mailed September 12, 2005 (postage on envelope is $1.06); Document 29, filed September 13, 2005, entitled "Motion for Injunctive Relief," 7 pages long (no separate envelope); Document 30, filed September 13, 2005, entitled "Relief Continued," 27 pages long (no separate envelope).

In his December 15, 2005, motion for extension of time, Plaintiff states that his amended complaint was sixty pages in length and named over one hundred

defendants. The number of pages contained in documents 28, 29 and 30 (all filed on September 13, 2005) total 48 pages. Document 30 would cost $1.29 in postage if mailed alone. There is no form DC138A for that amount. However, document 30 was filed with the Clerk of Court on the same date as documents 28 and 29 and the undersigned will assume that all three documents were delivered to the prison authorities on September 7, 2005[2] and therefore timely filed with the Clerk of Court. *In re Flannigan*, 999 F.2d 753, 755 (3d Cir. 1993).

   The documents, however, do not comply with this court's order of July 8, 2005, which set forth the requirements of an amended complaint. Documents 28 and 29 are exhibits. Document 30 is labeled "Relief Continued." After reference in the first paragraph to an Eighth and Fourteenth Amendment of the United States Constitution, the document begins with a paragraph numbered (12) and then numbers backwards until page 16 where, apparently, paragraph (1) begins. The parties to the action do not appear until page 17. Paragraph (B) on page 17 lists "prospective plaintiffs." The facts begin on page 22 and are incomplete on page 23. Beginning on page 24 through 26 are a list of names. Apparently these are alleged defendants. No separate paragraph sets forth the direct involvement each of these individuals have in an alleged constitutional violation against Plaintiff. In all instances of alleged actions against Plaintiff, he refers to the actors as either/or Secretary of the Department of Corrections, defendants, their agents, proxies, minions, etc.

---

[2]Documents 28 and 29 carry a postage cost of $1.06 which match form DC138A for $1.06 delivered to prison authorities on September 7, 2005.

The order of July 8, 2005 specifically instructed Plaintiff: (1) to allege how each defendant violated his civil rights (he has not done so); (2) that he could not allege violations of other people's rights (he continues to do so – *see* Doc. 30, p. 17); (3) to set forth acts committed by defendants at the time of the filing of the complaint that pose an imminent danger of physical harm (he has not done so); and (4) to file a "simple, concise and direct complaint in conformity with Federal Rule of Civil Procedure 8(e)(1) (he has not done so). Plaintiff was further advised that failure to comply would result in dismissal of the action.

An appropriate order will be issued.

                                             s/Sylvia H. Rambo
                                             SYLVIA H. RAMBO
                                             United States District Judge

Dated: January 6, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT STEVEN BELL,** : | **CIVIL NO. 1:CV-05-0533** |
| **Plaintiff** : | |
| v. : | |
| **LT. GOV. CATHERINE B. KNOLL;** : | |
| **JEFFREY A. BEARD, Ph.D.;** : | |
| **DONALD VAUGHN;** : | |
| **JAMES L. GRACE; KEN KYLER;** : | |
| **SCOTT WILLIAMSON; and** : | |
| **WILLIAM S. WALTERS,** : | |
| **Defendants** : | |

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's motion for reconsideration filed January 4, 2006, is granted.

2) Documents 28, 29, and 30 are deemed to be an amended complaint and timely filed.

3) The amended complaint does not comply with this court's order of July 8, 2005.

4) The captioned action is dismissed for failure to comply with court orders.

5) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

      6) The Clerk of Court shall close the file.

                                                             s/Sylvia H. Rambo
                                                             SYLVIA H. RAMBO
                                                             United States District Judge

Dated:  January 6, 2006.